PEGGY SELLS MILLER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM HERBERT MILLER v. B. V. BELK, JR., JAMES E. TODD AND JOEL L. KIRKLEY, JR.

No. 7426SC465

(Filed 4 September 1974)

1. **Uniform Commercial Code § 11— laundry and dry cleaners — sale of goods — applicability of Code**

   The sale of a laundry and dry cleaning business was nothing more than a sale of the equipment, furniture, and other movables of the business and, as such, was governed by the Uniform Commercial Code.

2. **Uniform Commercial Code § 22— seller's remedy of resale — notice required — measure of damages**

   G.S. 25-2-706 provides the remedy of resale to a seller upon a breach on the part of the buyer, and G.S. 25-2-706(1) provides that the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed by the Code but less expenses saved in consequence of the buyer's breach; however, for that measure of damages to be applicable, the resale must be commercially reasonable in all respects, and the seller must give the buyer reasonable notification of his intention to resell if the resale is at a private sale. G.S. 25-2-706(3).

3. **Uniform Commercial Code § 22— resale after breach by buyer — failure of seller to give notice — measure of damages**

   Where plaintiff seller failed to give defendant buyer notice of her intention to resell subsequent to defendant's breach of contract, plaintiff was entitled only to the difference between the market price at the time and place for tender and the unpaid contract price as provided

1

Miller v. Belk

in G.S. 25-2-708(1), and the measure of damages applied by the trial judge (the difference between the contract price and the resale price) was incorrect.

APPEAL by defendant Kirkley from *Ervin, Judge,* 10 September 1973 and 15 October 1973 Sessions of Superior Court held in MECKLENBURG County. Heard in the Court of Appeals on 13 June 1974.

This is a civil action wherein the plaintiff, Peggy Sells Miller, both individually and as administratrix of the estate of William Herbert Miller, seeks to recover damages from defendants, B. V. Belk, Jr., James E. Todd, and Joel L. Kirkley, Jr., for their breach of an alleged contract to purchase plaintiff's laundry and dry cleaning business. On 31 May 1972 the plaintiff voluntarily dismissed this action as to defendants Belk and Todd, leaving Kirkley as the only remaining defendant. Thus, our usage hereinafter of the term "defendant" is intended to refer only to Joel L. Kirkley, Jr.

Plaintiff and her husband were engaged in the operation of a business in Charlotte, N. C., known as the "Norge Village Cleaners"; however, in April of 1971, plaintiff's husband died and she was left to manage the business by herself. On 13 April 1971, plaintiff duly qualified as administratrix of her deceased husband's estate. Soon thereafter plaintiff decided to sell the business and consistent with this decision placed an advertisement in a local newspaper. Several offers to purchase the business were made to plaintiff's attorney; and on 28 June 1971, defendant telephoned an offer of $20,100.00. This offer was accepted and on 29 June 1971, this offer was submitted in writing to plaintiff's attorney, the terms of the offer stating that defendant promised to pay $20,100.00 to plaintiff's attorney by 12:00 p.m. on 30 June 1971. After several visits to defendant's office on 30 June 1971, defendant finally executed a check on his trust account in the amount of $20,100.00 and gave this check to plaintiff's attorney. This check was subsequently returned unpaid as a result of insufficient funds and defendant refused to deposit sufficient funds so that the check might be honored. Plaintiff thereafter served notice on defendant informing him that he was deemed in default of the contract and that "the seller will look to the remedies available at law." The business was advertised for sale again, and on 30 August 1971 plaintiff accepted an offer to purchase the business for $10,744.56.

---

Miller v. Belk

---

Plaintiff instituted the present action on 2 December 1971 seeking to recover the difference between the contract price agreed upon by plaintiff and defendant and the sum finally realized as a result of the sale of the business on 30 August 1971. The defendant filed no answer or other pleading; and on 10 January 1972, the plaintiff moved for entry of default and entry of default judgment against the defendant Kirkley. On that same date the Clerk of Superior Court of Mecklenburg County entered default against defendant. Subsequently, defendant moved to vacate the entry of default; and on 30 May 1972, this motion was denied.

On 4 August 1972, without notice to defendant and in his absence, a default judgment was entered against the defendant. The defendant appealed from this judgment and in an opinion reported in 18 N.C. App. 70, 196 S.E. 2d 44 (1973), cert. denied 283 N.C. 665, 197 S.E. 2d 874 (1973), this Court, although holding the entry of default proper, vacated the default judgment and remanded the case to the Superior Court for further proceedings.

On remand, a hearing was held at which time both plaintiff and defendant offered evidence as to the issue of damages. The Court made findings of fact and conclusions of law and by an order dated 5 December 1973 decreed "[t]hat the Plaintiff have and recover of Defendant $9,355.44 as compensation for the loss in selling price resulting from the Defendant's default [and] [t]hat the Plaintiff have and recover of the Defendant $35.00 as a result of the wrongful charging of a classified telephone advertisement to her."

The defendant appealed from this judgment.

*John B. Whitley for defendant appellant Kirkley.*

*No counsel contra.*

HEDRICK, Judge.

The gravamen of this appeal is whether the trial court applied the proper measure of damages in determining that defendant is liable to plaintiff in the amount of $9,355.44. The trial judge arrived at this sum by computing the difference between the contract price and the resale price. Defendant contends that the amount of damages awarded was incorrect for the following reasons: (1) the Uniform Commercial Code

(Code) controls and consequently a different measure of damages applies; (2) even if the Code does not apply, the general rule is that notice of resale must be given by the seller to the breaching party in order for the resale price to be considered.

[1] G.S. 25-2-102 of the Uniform Commercial Code defines the scope of Article 2 of the Code as follows: "Unless the context otherwise requires, this article applies to *transactions in goods* . . . . " (our emphasis) G.S. 25-2-105 defines "goods" to mean "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action . . . . " Thus, we must determine whether the sale of plaintiff's laundry and dry cleaning business involves a transaction in goods and comes within the scope of Article 2. Our research discloses that this is a case of first impression in this jurisdiction and that the issue of whether the sale of a business is a transaction in goods and thus subject to Article 2 of the Code is a question which has been discussed in only a handful of cases.

In Anderson, *Uniform Commercial Code,* § 2-105:5, pp. 226-27, it is stated that the sale of a business has been held to be a sale of goods within Article 2 of the Code. This authority also notes that "[w]here the assets of a going concern are sold, Article 2 applies to the transfer with respect to the goods portion although not applicable to the non-goods portion of the transaction . . . . "

One of the first cases to face the issue now before us was *Foster v. Colorado Radio Corporation,* 381 F. 2d 222 (10th Cir. 1967). In *Foster,* supra, the parties entered into a contract to sell a radio station and the buyer breached the contract. The 10th Circuit Court of Appeals held that the Uniform Commercial Code, although not relevant to the sale of non-goods such as goodwill, the radio station's license, and real property, was applicable to the sale of movable assets, e.g., office equipment and furnishings. In the course of its opinion the Court stated, "It is quite conceivable, however, that a business could be sold in which all the assets aside from goodwill would be goods. Non-application of the Code to the sale of goods in such a case and in our case is, we think, plainly contrary to the intention of the drafters." *Foster,* supra, at 226. For another case in which the Code has been held to apply to the sale of a business, see *Melms v. Mitchell,* 266 Or. 208, 512 P. 2d 1336 (1973).

Miller v. Belk

It is our view that the sale of the business in the instant case is in reality nothing more than a sale of the equipment, furniture, and other movables of the business and as such is governed by the Code. At no point is there any mention that the sale of the laundry/dry cleaning business involves non-goods such as goodwill, real property, etc.; therefore, we hold the entire sale to be subject to the Code.

[2]　G.S. 25-2-706 delineates one of the remedies available to a seller upon a breach on the part of the buyer. This remedy is resale of the goods which are the subject matter of the breached contract. "Where th[is] resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed under the provisions of this article (§ 25-2-710), but less expenses saved in consequence of the buyer's breach." G.S. 25-2-706(1). The measure of damages set forth in G.S. 25-2-706(1) is applicable provided the requisites which are enumerated in the remainder of this section of the Code are complied with. These requisites include: (1) that the resale must be commercially reasonable in all respects and (2) where the resale is at a private sale, as is the circumstance in the present case, "the seller must give the buyer reasonable notification of his intention to resell." G.S. 25-2-706(3). In the case at bar, Judge Ervin made the following relevant finding of fact:

> "26a. THAT after Kirkley's breach on July 2, 1972, the Plaintiff decided to resell the business. She was of the belief that she had a cause of action against Kirkley and the other Defendants for breach of contract and she was considering the institution of such an action. Notwithstanding this, the Plaintiff at no time gave Kirkley or the other Defendants any notice of her intention to resell or of the time, place and manner of resale or of any intention on her part to sue the Defendants for the difference between the contract price of $20,100.00 and the amount ultimately realized on resale."

[3]　This finding, when viewed in light of the notice requirement of G.S. 25-2-706(3), exemplifies the fact that the seller failed to comply with the requisites set forth in G.S. 25-2-706. What is the impact of such noncompliance with the requirements

of G.S. 25-2-706? The Official Comment to G.S. 25-2-706 states, in pertinent part:

> "Failure to act properly under this section deprives the seller of the measure of damages here provided and relegates him to that provided in Section 2-708."

G.S. 25-2-708 (1) in pertinent part provides:

> "[T]he measure of damages for nonacceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in this article (§ 25-2-710), but less expenses saved in consequence of the buyer's breach."

Thus, based on the foregoing analysis, the measure of damages applied by the trial judge (the difference between the contract price and the resale price) was incorrect, and this case must be remanded for further proceedings not inconsistent with this opinion. Furthermore, inasmuch as we have decided that the Code applies to the present transaction, we see no benefit in discussing defendant's other contention.

The judgment of the trial court is

Vacated and remanded.

Chief Judge BROCK and Judge CAMPBELL concur.