70608. FLO-MOR, INC. v. BIRMINGHAM et al.
(336 SE2d 264)

BENHAM, Judge.

Appellees purchased three businesses from appellant in 1977. The contract conveying the businesses specified that the sale included all the physical assets of the businesses, as well as accounts receivable, trade names, goodwill, leases, and franchise rights. A single price was specified without indication of the price of any single element. An exhibit to the contract listed the personal property being transferred to appellees, including burglar and fire alarm systems. Appellees subsequently discovered that appellant did not own the alarm systems. In 1983, more than five and one-half years after the sale, appellees filed suit against appellant, alleging that appellant's failure to convey good title to the alarm systems was a breach of the sales agreement. Following a bench trial, judgment was entered for appellees.

1. In its answer, appellant raised the affirmative defense of the statute of limitation, contending that the four-year period of limitation provided in OCGA § 11-2-715 applied because the suit was based on a sale of goods within the meaning of the sales article of the Uniform Commercial Code, specifically, OCGA § 11-2-105. The trial court's conclusion that the six-year period of limitation provided in OCGA § 9-3-24 applies to this case is the subject of appellant's first enumeration of error.

The trial court reasoned that although goods were sold as a part of the transaction, the agreement as a whole provided for the sale of the businesses in their entireties, that the contract was entire rather than severable (OCGA § 13-1-8), and that, therefore, the limitation period for actions on contracts was applicable. We agree with the trial court's conclusions. Although courts in some jurisdictions have found that such sales are within the ambit of the sales article of the U.C.C.

(see, e.g., *Miller v. Belk*, 23 N. C. App. 1 (207 SE2d 792) (1974), where the sales contract made no mention of intangible assets), other courts have held that contracts which include intangible assets such as goodwill and leases are not. See, e.g., *Meister v. Arden-Mayfair, Inc.*, 276 Or. 517 (555 P2d 923) (1976).

Here, as in *Meister*, the sales agreement did not merely provide for the transfer of title to goods; it accomplished the complete conveyance of three ongoing businesses. The transfer of title to the physical assets of the businesses was an indivisible part of the whole contract, as is evidenced by the fact that there is no allocation of part of the purchase price to the sale of physical assets and part to intangible assets. Since, as the trial court accurately noted, the contract is entire, it would be unreasonable to apply one statute of limitation to the breach of one provision of the contract and a different statute of limitation to the breach of another. We conclude, therefore, that the provisions of the U.C.C. are not applicable to this contract and that the trial court was correct in applying the six-year period of limitation provided in OCGA § 9-3-24.

2. In its second enumeration of error, appellant complains that the evidence of damages was too speculative to support a judgment for appellees. In answer to that argument, which appellant also advanced at trial, the trial court quoted from *Kuhlke Constr. Co. v. Mobley*, 159 Ga. App. 777 (3) (285 SE2d 236) (1981): " 'The rule against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the legal evidence submitted.' [Cit.]"

The evidence proffered by appellees on the issue of damages was the testimony of the president of the company which owned the alarm systems. He testified that the particular systems which were present in the three businesses were available only by lease and were never sold by his company. However, he gave specific figures for the cost of comparable equipment sold by his company without the service provisions of the lease arrangement the alarm company had with appellant. The testimony of that witness was sufficient to establish appellees' damages with "reasonable certainty." The second enumeration of error is also without merit.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 24, 1985 —
REHEARING DENIED OCTOBER 9, 1985 —

*Robert H. McDonnell,* for appellant.
*Grover C. Bailey,* for appellees.