189 Ga. App. 319 (1988)
375 S.E.2d 486
SAVANNAH INDUSTRIAL CONSTRUCTORS & EQUIPMENT RENTAL, INC.
v.
SUMNER.
77010.
Court of Appeals of Georgia.
Decided November 7, 1988.
Rehearing Denied November 18, 1988.
John R. Calhoun, for appellant.
Spencer Connerat, Jr., for appellee.
POPE, Judge.
Appellee brought suit against appellant, alleging that pursuant to a contract between the parties appellant owed him the sum of $13,000. After a non-jury trial, the trial court entered judgment in favor of appellee in the amount of $6,000 plus $300 pre-judgment interest, from which this appeal is taken.
The trial court found from the evidence submitted that the parties contracted for appellant to construct a building addition on business property owned by appellee for a price of $8,043. The contract, drafted by appellant, specified that payments were to be made in installments after the owner had inspected and approved each stage of the construction. Prior to making the final payment appellee expressed reservations about the roof construction and required appellant to sign a written acknowledgment that problems might exist. Appellant promised to "gladly" fix any leak problems that might become apparent later, and appellee made the final payment on the full contract price. Leaks were subsequently noticed and continued, although appellant attempted to repair the roof, damaging insulation and ceiling material in the building.
The trial court further found that the construction of the building was not performed in a workmanlike manner, but that it was constructed in a negligent manner; that photographs in evidence showed appellant's efforts to be "sloppy, inattentive and perhaps incompetent"; and that a substantial part of the work would have to be changed and non-negligently rebuilt in order to comply with the contract. If the addition had been properly constructed, the entire building would have been worth $13,000 when completed, but because of the negligent construction it was worth considerably less. The evidence showed that the cost to rebuild to acceptable standards would be from at least $2,400 to as much as $9,600 or more. Based on all the evidence, the court found that the building, with the addition "as built," was worth $7,000, damaging appellee in the amount of $6,000, *320 and that he did not "accept" the completed building so as to waive the defects in appellant's performance.
The trial court concluded as a matter of law (1) that appellee was entitled to sue for breach of contract for defects discovered and undiscovered after final payment because of appellant's express promise to remedy the roof defects; (2) that although the complaint sounded only in contract, appellee presented evidence at trial to substantiate a claim of negligent construction as well as breach of contract, and because there was no pretrial order the pleadings were automatically amended to conform with the evidence; and (3) thus appellant's counterclaim pursuant to Yost v. Torok, 256 Ga. 92 (344 SE2d 414) (1986) was validly pleaded, but defeated by the judgment in appellee's favor. On appeal of this judgment appellant contends that since the evidence showed a valid acceptance by appellee, he was precluded from suing and recovering a judgment; and that there was no proof to substantiate the award of damages because the evidence submitted was too speculative and indeterminate to establish an amount. Held:
The record is replete with evidence of appellant's mistakes and inefficiencies in building the addition to appellee's property, as well as appellee's struggles to rectify the problems created thereby. "Under these facts, [appellee] was entitled to some relief. Payment alone does not, as a matter of law, constitute acceptance of performance under a building contract, amounting to a waiver of undiscovered defects in such performance. [Cit.] ... Where the builder has promised to remedy defects as a result of his workmanship actually known to the owner and pointed out to the builder, acceptance of the work by the owner and payment therefor in reliance upon the builder's promise to remedy the defects does not amount to a waiver of performance with regard to the known defects or to the defects subsequently discovered. [Cits.] [Appellee] was entitled to have what he contracted for or its equivalent, and what that equivalent is depends upon the circumstances of the case. Where a substantial part of the work would have to be changed and rebuilt in order for the work to be done according to the contract, the owner would be entitled to recover the difference between the value of the work as done and the value of the work as it should have been done, provided that the builder acted in good faith. [Cits.]" (Indention omitted.) McKee v. Wheelus, 85 Ga. App. 525, 528 (69 SE2d 788) (1952).
"[T]he acceptable method of computing damages where an express contract is alleged to have been breached by a building contractor is the difference in the fair market value of the [building] as completed and the value of the [building] as it would have been had it been completed in accordance with the contract." Hortman v. Cantrell, 173 Ga. App. 429, 430 (1) (326 SE2d 779) (1985). Accord Jim Walter Homes v. Strickland, 185 Ga. App. 306, 310 (363 SE2d 834) *321 (1987). That method was properly utilized by the trial court here in arriving at the amount of damages awarded. "The evidence in this case may not show the damages to a certainty, but the ability to `estimate damages to a reasonable certainty' is all that is required [cit.], and mere difficulty in fixing the exact amount will not be an obstacle to the award." Pottinger v. Cross, 170 Ga. App. 647, 648 (1) (317 SE2d 850) (1984). Accord Flo-Mor, Inc. v. Birmingham, 176 Ga. App. 375 (2) (336 SE2d 264) (1985). We find no grounds for reversal.
Judgment affirmed. McMurray, P. J., and Benham, J., concur.