[No. B046018. Second Dist., Div. Five. Mar. 20, 1991.]

AKBAR KAZEROUNI, Plaintiff and Respondent, v.
STEVE DE SATNICK et al., Defendants and Appellants.

Mark Brifman for Defendants and Appellants.

Cochran & Pirtle and Bruce W. Cochran for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—In this action on a promissory note, the court by nonjury trial gave judgment for plaintiff and respondent Akbar Kazerouni against defendants and appellants Steve and Mary De Satnick. The judgment further provides that appellants take nothing by their cross-complaint for breach of warranty.

Respondent sold his business (Photo Run Inc., a photo-developing store) to appellants for $310,000, taking back a promissory note for $101,000 payable at $1,500 per month. After four payments appellants defaulted on the note. The issue at trial was whether appellants' performance was excused, or appellants were entitled to damages, for a misrepresentation in the sale documents as to the approximate monthly receipts and approximate monthly net profits of the business. The trial court found against appellants because, although the listing agreement misstated the monthly receipts and net profits, appellants did not rely upon such misstatement; prior to the close of escrow appellants received accurate financial records from respondent including corporate tax returns for two years and three financial

statements, and personally observed the operation of the business for a two-week period.[1]

■ Appellants do not dispute the court's factual finding that appellants did not rely upon the misstatement. They contend on appeal that as a matter of law reliance was not required. They contend that the representation in the sale documents was an "express warranty" and that under a provision of the California Uniform Commercial Code involving express warranties by a seller of goods, reliance by the buyer is not required. (Cal. U. Com. Code, § 2313;[2] *Keith* v. *Buchanan* (1985) 173 Cal.App.3d 13, 22-24 [220 Cal.Rptr. 392].[3])

Appellants' contention lacks merit because section 2313 relates to warranties in the sale of goods, and the dispute here does not involve goods. California Uniform Commercial Code section 2102 provides, "Unless the context otherwise requires, this division applies to transactions in goods." Section 2105 defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale . . . ."

The pattern of monthly receipts or profits of respondent's business, as to which appellants claim an express warranty, does not involve goods or movables. This is not a dispute over a warranty of the equipment or inventory which were included in the sale of the business.[4] Nor is this a case where it would be impossible or unreasonable to segregate the nongoods aspects of the sale in determining the proper law to be applied.[5] Appellants

---

[1] The "Authorization to Sell" provided by respondent's broker (cross-defendants Par Investments Inc., Emery Hold and Richard Goldstein, not parties to this appeal) indicated approximate monthly receipts of $32,000 and approximate monthly net profits of $11,000. The accurate gross monthly receipts as shown by the corporate tax return were $25,000.

[2] California Uniform Commercial Code section 2313 (hereafter section 2313) provides in part: "(1) Express warranties by the seller are created as follows: [¶] (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. [¶] (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."

[3] Under the law relating generally to express warranties a plaintiff must show reliance on the defendant's representation. (*Grinnell* v. *Charles Pfizer & Co.* (1969) 274 Cal.App.2d 424, 440 [79 Cal.Rptr. 369]; see *Hauter* v. *Zogarts* (1975) 14 Cal.3d 104, 115 [120 Cal.Rptr. 681, 534 P.2d 377, 74 A.L.R.3d 1282].)
*Keith* v. *Buchanan, supra,* holds that the language of section 2313 modifies both the degree of reliance and the burden of proof in express warranties to which section 2313 applies.

[4] (E.g., *Melms* v. *Mitchell* (1973) 266 Or. 208 [512 P.2d 1336, 1340-1341, 65 A.L.R.3d 376]; *Jarstad* v. *Tacoma Outdoor Recreation, Inc.* (1974) 10 Wn.App. 551 [519 P.2d 278, 282].)

[5] (Compare *Foster* v. *Colorado Radio Corporation* (10th Cir. 1967) 381 F.2d 222, 226; *Herrick* v. *Robinson* (1980) 267 Ark. 576 [595 S.W.2d 637, 649]; 1 Anderson, Uniform Commer-

cite no authority applying section 2313 to representations of the monthly receipts or profits of a going business.[6] Appellants have not shown that section 2313 has any application to this case. Thus, appellants fail to sustain their contention that the trial court misapplied the law by requiring appellants to prove reliance.[7]

The judgment is affirmed.

Turner, P. J., and Boren, J., concurred.

---

cial Code (3d ed. 1981) § 2-105:25, p. 568; with *De Filippo* v. *Ford Motor Company* (3d Cir. 1975) 516 F.2d 1313, 1323; *Knoxville Rod & Bearing* v. *Bettis Corp.* (Tenn.App. 1983) 672 S.W.2d 203, 206; *Flo-Mor, Inc.* v. *Birmingham* (1985) 176 Ga.App. 375 [336 S.E.2d 264, 265].)

[6]*Keith* v. *Buchanan, supra,* 173 Cal.App.3d 13, involved a warranty of the condition of goods, a boat. None of the other cases cited by appellants dispensed with reliance as an element of breach of warranty, nor were they decided upon the basis of the Commercial Code or a characterization of receipts and profits as "goods." (*Gagne* v. *Bertran* (1954) 43 Cal.2d 481, 486 [275 Cal.Rptr. 15]; *Chomistek* v. *Arak* (1953) 119 Cal.App.2d 762, 764-765 [260 Cal.Rptr. 149]; *Rogers* v. *Bill & Vince's, Inc.* (1962) 203 Cal.App.2d 292, 298 [21 Cal.Rptr. 269]; *Holmes* v. *Steele* (1969) 269 Cal.App.2d 675, 677 [75 Cal.Rptr. 216].)

[7]Because appellants' underlying legal theory is erroneous, appellants' secondary contention that the trial court's statement of decision failed to address material issues is likewise without merit. (*Domach* v. *Spencer* (1980) 101 Cal.App.3d 308, 311-312 [161 Cal.Rptr. 459].)