Carolina Home Sols. 1, Inc. v. Crystal Coast Home Sols., Inc., 2017 NCBC 74.

STATE OF NORTH CAROLINA

PITT COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 2743

CAROLINA HOME SOLUTIONS 1,
INC.,

  Plaintiff/Third-Party Defendant,

v.

CRYSTAL COAST HOME
SOLUTIONS, INC.,

  Defendant/Third-Party Plaintiff,

v.

CHARLES BOUDREAU,

      Third-Party Defendant.

**ORDER AND OPINION ON
DEFENDANT CRYSTAL COAST
HOME SOLUTIONS, INC.'S
MOTION FOR JUDGMENT
ON THE PLEADINGS**

1.    **THIS MATTER** is before the Court upon Defendant Crystal Coast Home Solutions, Inc.'s ("Defendant") Motion for Judgment on the Pleadings (the "Motion") in the above-captioned case.

2.    Having considered Defendant's Motion and supporting brief, and despite having received no response from Plaintiff Carolina Home Solutions 1, Inc. ("Carolina Home" or "Plaintiff"), the Court hereby **DENIES** Defendant's Motion for the reasons set forth herein.

> *Lanier, King & Paysour, PLLC, by Steven F. Johnson, II and Jeremy Clayton King, for Defendant Crystal Coast Home Solutions, Inc.*

Bledsoe, Judge.

I.

PROCEDURAL BACKGROUND

3. Plaintiff Carolina Home, through its then counsel Jonathan V. Bridgers ("Bridgers"), filed this action against Defendant on November 29, 2016 asserting a single claim for breach of contract. Plaintiff's three-page verified complaint avers that in July 2013 Plaintiff agreed to sell to Defendant the Plaintiff's "New Bern facility" for $240,000 and that Defendant has failed to pay and now owes Plaintiff the balance of $117,968 under the parties' agreement. (Compl. ¶¶ 6, 7, 9, ECF No. 1.)

4. On January 17, 2017, Defendant timely filed its answer, counterclaims, and third-party complaint against Charles Boudreau ("Boudreau") (ECF No. 2) and sought designation of this case as a mandatory complex business case (ECF No. 3). Defendant alleges claims against Plaintiff and Boudreau for unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1 and for breach of the covenant of good faith and fair dealing arising out of Plaintiff's and Boudreau's alleged misconduct in connection with a purchase and sales agreement Boudreau entered into with Defendant in 2012.

5. On January 19, 2017, this action was designated a mandatory complex business case under N.C. Gen. Stat. § 7A-45.4(b) by Order of Chief Justice Mark R. Martin (ECF No. 4) and was then assigned to the undersigned by Order of Chief Business Court Judge James L. Gale on January 23, 2017 (ECF No. 5).

6.    Like Plaintiff, Boudreau retained Bridgers as his counsel, and, on March 20, 2017, Carolina Homes and Boudreau filed their responses to Defendant's counterclaims and third-party complaint (ECF No. 10).

7.    On May 16, 2017, Bridgers sought the Court's permission to withdraw as counsel for Carolina Home and Boudreau because neither wished to retain his services any longer and each had refused to pay him for future work. (ECF No. 19) Boudreau signed Bridgers's motion to withdraw, both in his individual capacity and on behalf of Carolina Home, indicating his and Carolina Home's agreement with Bridgers's factual representations and consent to his withdrawal as counsel.

8.    On May 17, 2017, the Court granted Bridgers's motion to withdraw and stayed further activity in the case until June 23, 2017 to provide Carolina Home an opportunity to retain new counsel.  (Order Mot. Withdraw, ECF No. 20.)  In its Order, the Court put Carolina Home on notice that, "under North Carolina law, a corporation may not represent itself in the superior courts of this State and must instead be represented by a licensed attorney to appear before this Court."  (ECF No. 20 at 2 (citing *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002).)

9.    Defendant moved for judgment on the pleadings under Rule 12(c) of the North Carolina Rules of Civil Procedure seeking dismissal of Carolina Home's single-count complaint on June 23, 2017 (ECF No. 22).

10.     Since the Court's May 17, 2017 Order permitting Bridgers's withdrawal, no counsel has appeared for Carolina Homes and no response to the Motion was filed.  Pursuant to Rule 7.4 of the General Rules of Practice and Procedure for the North Carolina Business Court, the Court dispensed with oral argument.

11.     The Motion is now ripe for resolution.

## II.

## FACTUAL BACKGROUND

12.     The Court does not make findings of fact on motions for judgment on the pleadings under Rule 12(c), but only recites those allegations in the pleadings that are relevant and necessary to the Court's determination of the Motion.

13.     The parties agree that on August 29, 2012, Boudreau, "doing business as Carolina Home Solutions, LLC,"[1] entered into a written agreement titled "Agreement for Purchase of Aerus Electrolux Franchise" with Elbert Ray Herring III ("Herring"), "doing business as Crystal Coast Home Solutions, LLC" (the "2012 Agreement").  (Def.'s Countercl. & Third-Party Compl. at Ex. B, ECF No. 2; ECF No. 10 at ¶ 8.)[2]

---

[1]  Boudreau prepared the 2012 Agreement without the benefit of counsel and now admits he erred in naming the entity on whose behalf he was acting.  It appears undisputed that he intended to name Plaintiff Carolina Home Solutions 1, Inc. as the seller under the Agreement but inadvertently failed to do so.  (Def.'s Countercl. & Third-Party Compl. ¶¶ 10–11, ECF No. 2; ECF No. 10 at ¶¶ 10–11.)

[2]  The 2012 Agreement is attached as Exhibit B to Defendant's Answer and is expressly incorporated therein.  (Def.'s Answer ¶ 6, ECF No. 2; *see also* Def.'s

14.    Under the terms of the 2012 Agreement, the parties evidenced their intention for Boudreau to sell, and Herring to purchase, "a certain Aerus Electrolux franchise now being operated at <u>2500 Trent Road New Bern NC 28560</u> and <u>3304A Neuse Blvd New Bern NC 28560</u> known as Aerus Electrolux, and all assets thereof as contained in Schedule 'A' attached [to the 2012 Agreement]." (Def.'s Countercl. & Third-Party Compl. at Ex. B, ECF No. 2; ECF No. 10 at ¶ 8.)[3]  Boudreau and Herring agreed in the 2012 Agreement that "[t]he total purchase price for all franchise rights, fixtures, furnishings and equipment [was] $69,894.00 Dollars."  (ECF No. 2 at Ex. B; ECF No. 10 at ¶ 8.)

15.    According to Plaintiff, almost a year later, "[o]n or about July 31, 2013, the Plaintiff contracted with the Defendant to purchase the Plaintiff's New Bern facility" for $240,000, payable in 48 monthly payments of $5,000 each (the "2013 Agreement"), and Defendant thereafter stopped "any form of payment on the [2013 Agreement]" after February 2, 2015.  (ECF No. 1 at ¶¶ 6, 7, 9.)   Plaintiff contends that Defendant owes Plaintiff the balance of $117,968 "under the [2013 Agreement]."  (ECF No. 1. at ¶ 9.)  Defendant denies these allegations and contends that the 2012 Agreement is the only legally binding agreement between the parties.  (Def.'s Answer ¶¶ 6–8, ECF No. 2.)

---

Countercl. & Third-Party Compl. ¶ 8, ECF No. 2; ECF No. 10 at ¶ 8.)  *See Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009).

[3] The referenced Schedule A is not attached to any of the pleadings.

III.

LEGAL STANDARD

16.    A motion for judgment on the pleadings under Rule 12(c) "is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974).  The Court must "view the facts and permissible inferences in the light most favorable to the nonmoving party," *id.*, and may consider "only the pleadings and exhibits which are attached and incorporated into the pleadings[,]" *Davis v. Durham Mental Health/Dev. Disabilities/Substance Abuse Area Auth.*, 165 N.C. App. 100, 104, 598 S.E.2d 237, 240 (2004) (quoting *Helms v. Holland*, 124 N.C. App. 629, 633, 478 S.E.2d 513, 516 (1996)).  "[W]hen a complaint does not allege 'facts sufficient to state a cause of action or pleads facts which deny the right to any relief[,]'" the court should grant a Rule 12(c) motion.  *Reese v. Brooklyn Vill., LLC*, 209 N.C. App. 636, 641, 707 S.E.2d 249, 253 (2011) (quoting *Robertson v. Boyd*, 88 N.C. App. 437, 440, 363 S.E.2d 672, 675 (1988)).

IV.

ANALYSIS

17.    Defendant argues that Carolina Home's claim for breach of the 2013 Agreement should be dismissed because Plaintiff's Reply to Defendant's Counterclaims establishes as a matter of law that the 2013 Agreement is a modification of the 2012 Agreement unsupported by consideration and, hence,

is unenforceable. (Def.'s Mem. Supp. Mot. J. Pleadings 2–4, ECF No. 23 (citing ECF No. 1 at ¶ 9; Def.'s Countercl. & Third-Party Compl. ¶ 8, ECF No. 2; ECF No. 10 at ¶ 8).) Defendant relies on the common law rule that "[w]here . . . a contract has been partially performed, an agreement to alter its terms is treated as any other contract and must be supported by consideration." *Brenner v. Little Red Sch. House, Ltd.*, 302 N.C. 207, 215, 274 S.E.2d 206, 212 (1981) (citing *Wheeler v. Wheeler*, 299 N.C. 633, 637, 263 S.E.2d 763, 765 (1980); *Lenoir Mem'l Hosp., Inc. v. Stancil*, 263 N.C. 630, 634, 139 S.E.2d 901, 903 (1965)).[4] Defendant further contends that Plaintiff's allegations and answers in the pleadings admit that Defendant has fully complied with the terms of the 2012 Agreement. (ECF No. 23 at 4.)

18. The Court concludes that Defendant's argument is without merit. Viewed in the light most favorable to Plaintiff as the nonmoving party, Carolina Home has pleaded that it contracted with Defendant in July 2013 to

---

[4] Although Defendant has assumed that the common law rule applies in these circumstances, the Court notes that the North Carolina Court of Appeals concluded in *Miller v. Belk*, 23 N.C. App. 1, 207 S.E.2d 792 (1974) that "the sale of the business in the instant case is in reality nothing more than a sale of the equipment, furniture, and other movables of the business and as such is governed by [Article 2 of the Uniform Commercial Code]." *Id.* at 5, 207 S.E.2d at 794. North Carolina courts have not adopted a test to determine whether the sale of a business comes within the scope of Article 2, but courts in other jurisdictions have done so. *See, e.g.*, *Vess Beverages, Inc. v. Paddington Corp.*, 886 F.2d 208, 214 (8th Cir. 1989); *De Filippo v. Ford Motor Co.*, 516 F.2d 1313, 1323 (3rd Cir. 1975); *MBH, Inc. v. John Otte Oil & Propane, Inc.*, 727 N.W.2d 238, 246 (Neb. Ct. App. 2007); *Stewart v. Lucero*, 918 P.2d 1, 4 (N.M. 1996);; *Hudson v. Town & Country True Value Hardware, Inc.*, 666 S.W.2d 51, 53 (Tenn. 1984). In light of the Court's resolution of the Motion, the Court need not determine whether Plaintiff's contract claim is governed under North Carolina common law or Chapter 25 of the General Statutes at this time. *See* N.C. Gen. Stat. § 25-2-209(1) ("An agreement modifying a contract . . . needs no consideration to be binding.").

sell its "New Bern facility" to Defendant for $240,000. (ECF No. 1 at ¶¶ 6–7.) As pleaded, Plaintiff has alleged a bargained-for exchange constituting adequate consideration to support the 2013 Agreement. *See, e.g., Elliott v. Enka-Candler Fire and Rescue Dep't, Inc.*, 213 N.C. App. 160, 163, 713 S.E.2d 132, 135 (2011) ("Consideration sufficient to support a contract consists of any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee.") (quotations and citations omitted); *Chem. Realty Corp. v. Home Fed. Sav. & Loan Ass'n*, 84 N.C. App. 27, 30, 351 S.E.2d 786, 789 (1980) ("To constitute consideration, a performance or a return promise must be bargained for.") (quoting Restatement (Second) of Contracts § 71 (1979)).

19. The 2012 Agreement upon which Defendant relies, however, involved, by its own terms, the sale of "a certain Aerus Electrolux franchise now being operated at 2500 Trent Road New Bern NC 28560 and 3304A Neuse Blvd New Bern NC 28560 known as Aerus Electrolux, and all assets thereof as contained in Schedule 'A' attached [to the 2012 Agreement]." (Def.'s Counterclaim & Third-Party Compl. at Ex. B, ECF No. 2; ECF No. 10 at ¶ 8.)

20. Although Defendant alleges that the 2012 Agreement conveyed all the assets the parties had agreed Plaintiff would transfer to Defendant and that the alleged "New Bern facility" identified in the purported 2013 Agreement did not exist, Schedule A has not been provided to and is not before the Court, and the 2012 Agreement generally describes the purchased assets

at paragraph 1 as "all franchise rights, fixtures, furnishings and equipment" of the franchise located at the two locations identified in the 2012 Agreement. While Defendant's contentions might prevail upon the presentation of evidence, the Court cannot read the 2012 Agreement under standard rules of contract construction to provide that Plaintiff's agreement to sell the undisclosed Schedule A assets and "all [the] franchise rights, fixtures, furnishings and equipment" of the referenced franchise necessarily includes Plaintiff's sale of the alleged "New Bern facility" contemplated under the 2013 Agreement.

21. Accordingly, viewing the pleadings in the light most favorable to Plaintiff as the nonmoving party, the Court cannot conclude as a matter of law at this stage of the litigation that the 2012 Agreement provided for the sale of the "New Bern facility" to Defendant or that that the 2013 Agreement is a modification of the 2012 Agreement. Rather, as pleaded, the 2013 Agreement contemplates a transaction, supported by consideration, separate and distinct from the transaction contemplated in the 2012 Agreement. Therefore, the Court concludes that judgment on the pleadings is improper and that Defendant's Motion under Rule 12(c) should be denied.

V.

CONCLUSION

22. **WHEREFORE**, for the reasons set forth above, the Court hereby **DENIES** Defendant's Motion for Judgment on the Pleadings.

**SO ORDERED**, this the 24th day of August, 2017.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
  for Complex Business Cases