IRENE S. FELLOWS v. DAVID A. FELLOWS

No. 7510DC515

(Filed 5 November 1975)

1. Appeal and Error § 42— oral testimony not in record — presumption

Where the record does not contain oral testimony before the trial court, the court's findings of fact are presumed to be supported by competent evidence.

2. Attorney and Client § 7; Divorce and Alimony § 23— award of attorney fees — findings required

Where this cause was heard upon plaintiff's motion for an increase in child support payments and upon defendant's motion for a modification of the child custody order, the trial court's award of attorney fees did not have to be supported by a finding that the party ordered to furnish support (defendant) had refused to provide support which was adequate at the time of the institution of the action.

APPEAL by defendant from *Barnette, Judge.* Order entered 24 January 1975 in District Court, WAKE County. Heard in the Court of Appeals 14 October 1975.

Defendant is a former husband of plaintiff and appeals from an order increasing child support payments and awarding $500 fee to plaintiff's attorney.

*Gulley & Green, by Jack P. Gulley, for plaintiff appellee.*

*Vaughan S. Winborne for defendant appellant.*

BRITT, Judge.

First, defendant contends the court erred in making findings of fact concerning the financial needs of his three children and in concluding as a matter of law that there had been a substantial change in circumstances between 28 August 1972 and 24 January 1975, requiring an increase in support payments. We find no merit in the contention.

[1] While the record on appeal contains certain documents which were before the court at the hearing of this cause, the order reveals that oral testimony was presented. The record does not contain the oral testimony; therefore, the court's findings of fact are presumed to be supported by competent evidence. *Christie v. Powell,* 15 N.C. App. 508, 190 S.E. 2d 367 (1972), *cert. denied,* 281 N.C. 756, 191 S.E. 2d 361 (1972) ; *Cobb v. Cobb,* 10 N.C. App. 739, 179 S.E. 2d 870 (1971). The findings of fact support the conclusions of law with respect to a material change in circumstances, and the findings and conclusions fully support provisions of the order increasing support payments.

Next, defendant attempts to raise the question as to consideration and effect the court gave to defendant's new marriage and his responsibilities arising therefrom. Since we do not have before us all of the evidence the trial judge had before him, we are unable to pass upon this question.

[2] Finally, defendant contends the court did not make sufficient findings of fact and conclusions of law to justify awarding attorney fees. This contention is without merit.

Defendant argues that the following provision of G.S. 50-13.6 is applicable: " . . . Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; . . . . " Defendant points out that the court made no findings in compliance with the quoted provision.

Plaintiff argues that the following provision of said statute applies: "In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may *in its discretion* order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. . . . " (Emphasis added.)

We agree with plaintiff. The record discloses that after plaintiff filed her motion on 12 March 1974 asking for an increase in support payments, defendant filed a motion asking that custody of the children be taken from plaintiff and awarded to him. Although we do not have a record of the proceedings before the trial court, the order appealed from states that the cause was heard on plaintiff's motion for an increase in support payments *and* upon defendant's motion for a modification of the custody order. That being true, the court's award of attorney fees did not have to be supported by the findings which defendant contends were necessary.

For the reasons stated, the order appealed from is

Affirmed.

Judges VAUGHN and ARNOLD concur.