Algary v. McCarley & Co.

DIXIE MOTT ALGARY, EMPLOYEE, PLAINTIFF v. McCARLEY & CO., INC., EM-
PLOYER v. PENNSYLVANIA NATIONAL INSURANCE CO., CARRIER, DE-
FENDANTS

No. 8410IC392

(Filed 2 April 1985)

1. **Master and Servant § 96— workers' compensation—evidence not in record on appeal—findings presumed correct**

   The Industrial Commission's findings of fact that plaintiff has no disabling back, neck or emotional condition are presumed correct where plaintiff failed to include the evidence in the record on appeal.

2. **Master and Servant § 69.1— workers' compensation—disability benefits—return to work before maximum recovery**

   Plaintiff was not entitled to disability benefits under G.S. 97-31 for the period following her return to work after surgery until she reached maximum recovery.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 27 October 1983. Heard in the Court of Appeals 3 December 1984.

On 5 October 1976, while working at her job as a stockbroker, plaintiff fell and fractured her right hip and her orthopedic surgeon, Dr. Callison, replaced the femoral head with an Austin-Moore prosthesis. On 13 January 1977, though she was not fully recovered, plaintiff returned to work and thereafter worked regularly at the same job that she filled before, it not being until 30 July 1979 that Dr. Callison deemed that maximum recovery had been accomplished and rated her as having a 45 percent permanent partial loss of use of the right leg. She received compensation for temporary total disability during the period she was out of work, but was paid no other workers' compensation until February, 1980, when by agreement of the parties, approved by the Industrial Commission on 5 March 1980, she was compensated for her 45 percent permanent partial loss of use of the leg in accord with the schedule for injured bodily organs and members contained in G.S. 97-31. In the Fall of 1980 plaintiff began having increased pain in the injured hip and by letter to the Industrial Commission dated 23 January 1981 she claimed a change of condition and requested that her case be reopened. On 29 January 1981 Dr. Callison examined plaintiff and found that her leg loss of use

was still 45 percent as before, though he also found some indications of undue stress and wear in the joint. Plaintiff's pain continued and in June, 1981 she was examined by Dr. Willett, another orthopedic surgeon, who totally replaced the injured hip on 4 August 1981. This operation reduced plaintiff's pain and she returned to her job on 9 October 1981, though it was March of 1982 before she was deemed to have reached maximum recovery, at which time it was again determined by her treating physician that she still had a 45 percent permanent partial loss of use of the right leg. After returning to her job plaintiff has worked regularly at substantially the same earnings as before or more.

When the re-opened case was heard the Deputy Commissioner, in addition to the above stated facts, found that plaintiff's increased pain was a substantial change of condition for the worse, the second operation was necessary, and she was entitled to temporary total disability payments for the period she was out of work because of it. The Deputy Commissioner also found that except for the two periods following surgery when she was out of work that plaintiff had not been and was not disabled and concluded that no further compensation was due her. The Deputy Commissioner's opinion and award was affirmed by the Full Commission, and plaintiff's appeal is therefrom.

*Harry DuMont for plaintiff appellant.*

*Morris, Golding and Phillips, by James N. Golding, for defendant appellees.*

PHILLIPS, Judge.

[1] Plaintiff's second contention, which it is more convenient to dispose of first, is that the Commission erred in failing to award her compensation for injuries to her back, neck and emotions. In support of this contention plaintiff argues that the Commission should have found from the testimony presented by her orthopedic and psychiatric witnesses that she had a disabling neck and back condition and a psychiatric disorder that had causally developed from her hip injury. This contention must be and is rejected without either discussion or consideration of the legal principles that could apply to it, because plaintiff failed to include the transcript of the evidence in the record on appeal and we have no basis at all for holding that the Commission's findings of fact that

she has no disabling or incapacitating back, neck or emotional condition are either inadequate or erroneous, as plaintiff contends. Under the circumstances the Commission's findings of fact are presumed to be correct, *Fellows v. Fellows*, 27 N.C. App. 407, 219 S.E. 2d 285 (1975), and our review is limited to determining whether the Commission's findings of fact support its conclusions of law and the award made. *Worsley v. S. & W. Rendering Co., Inc.*, 239 N.C. 547, 80 S.E. 2d 467 (1954). We are of the opinion that they do.

[2] The plaintiff's only other contention, that the Commission erred in failing to award her disability benefits under G.S. 97-31 for the period *following* her return to work after each operation until maximum recovery was achieved, can be determined from the record before us, however, and we overrule it also. Her main reliance is upon the provision in G.S. 97-31 which directs that when one of the bodily organs, members or parts listed therein is lost or its use impaired, the injured worker "shall be paid for disability during the healing period," as well as for the impairment or loss according to the schedule therein contained. It has already been held, however, that the *healing period* within the meaning of G.S. 97-31 does not include time when an injured worker is able to and does work at his or her regular job. *Crawley v. Southern Devices, Inc.*, 31 N.C. App. 284, 229 S.E. 2d 325 (1976), *disc. rev. denied*, 292 N.C. 467, 234 S.E. 2d 2 (1977). Furthermore, by statutory definition *disability* in a workers' compensation case "means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment," G.S. 97-2(9), and according to the Commission's findings of fact, in which no error is perceived from the record before us, plaintiff's ability to work and earn has not been reduced, notwithstanding the severity of her injury. Finally, since the Commission's findings and the rest of the record certified to us, which is all that we have to go by, shows that the *only* injury plaintiff sustained was an injury to a bodily member covered by G.S. 97-31, her compensation after returning to her job is limited to the schedule stated in the statute, whether earning capacity has been impaired or not, *Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978), and that amount was paid to her long ago.

Affirmed.

Judges ARNOLD and WELLS concur.