PHYLLIS A. HELMS AND MARY B. MOSLAK, PLAINTIFFS v. JOYCE W. HOLLAND, PRU-
DENTIAL RESIDENTIAL SERVICES, A NORTH CAROLINA LIMITED PARTNERSHIP,
GREATER CAROLINAS REAL ESTATE SERVICES, INC. D/B/A PRUDENTIAL TRI-
ANGLE REAL ESTATE, BETTY JOHNSON AND GEORGE WHITE D/B/A GEORGE
WHITE REALTY, DEFENDANTS

No. COA95-676

(Filed 3 December 1996)

**1. Pleadings § 121 (NCI4th)— motion for judgment on plead-
ings—conversion into summary judgment motion**

A motion for judgment on the pleadings will be treated as a
motion for summary judgment where the trial court considered
matters outside the pleadings in reaching its decision. N.C.G.S.
§ 1A-1, Rule 12(c).

**Am Jur 2d, Summary Judgment § 13.**

**What, other than affidavits, constitutes matters out-
side the pleadings, which may convert motion under
Federal Rule of Civil Procedure 12(b),(c), into motion for
summary judgment. 2 ALR Fed 1027.**

**2. Fraud, Deceit, and Misrepresentation § 14 (NCI4th)— real
estate brokers—failure to disclose—insufficient evidence
of fraud**

Plaintiffs' forecast of evidence was insufficient to support
their claim against defendant real estate brokers for fraud in fail-
ing to disclose that the county health department had determined
that property purchased by plaintiffs was not suitable for use as
a family care facility where there was evidence that the sellers
had received a letter from the county health department con-
cluding that the property was unfit as a family health facility
because of an unrepairable septic system; the evidence indicates
that the sellers had advised one defendant that the property had
experienced septic problems which had been remedied; and
there was no evidence that any of the defendants were aware of
the health department's letter.

**Am Jur 2d, Fraud and Deceit §§ 145, 146, 158.**

**Real-estate broker's or agent's misrepresentation to,
or failure to inform, vendor regarding value of vendor's
real property. 33 ALR4th 944.**

**HELMS v. HOLLAND**

[124 N.C. App. 629 (1996)]

**Necessity of real-estate purchaser's election between remedy of rescission and remedy of damages for fraud. 40 ALR4th 627.**

3. **Negligence § 102 (NCI4th)— negligent misrepresentation—insufficient forecast of evidence**

Plaintiffs had no claim against defendant real estate brokers for negligent misrepresentation that property purchased by plaintiffs was suitable for use as a family care facility where plaintiffs' forecast of evidence indicated that the sellers never advised defendants that the county health department had concluded that the property was unsuitable for a family care facility because of septic system problems; the sellers simply told one defendant that septic problems had been remedied, and this information was communicated to plaintiffs; and nothing in the record shows that defendants negligently informed plaintiffs about the property.

**Am Jur 2d, Brokers §§ 96, 108.**

**Real-estate broker's or agent's misrepresentation to, or failure to inform, vendor regarding value of vendor's real property. 33 ALR4th 944.**

4. **Fraud, Deceit, and Misrepresentation § 20 (NCI4th); Negligence § 134 (NCI4th)— fraud—negligent misrepresentation—absence of justifiable reliance**

Assuming that defendant real estate brokers made intentional or negligent misrepresentations that property purchased by plaintiffs was suitable for use as a family care facility when septic system problems precluded such use, plaintiffs did not justifiably rely upon such information and thus had no claims for fraud or negligent misrepresentation where the contract of sale contained a provision added by plaintiffs stating that the "property must pass the state inspection for family care home guidelines"; the contract also included a recommendation that the "buyer should have any inspections made prior to incurring expenses for closing"; and had plaintiffs complied with the state inspection provision, they would have discovered that septic deficiencies precluded use of the property for a family care facility.

**Am Jur 2d, Estoppel and Waiver § 76; Fraud and Deceit § 223.**

HELMS v. HOLLAND

[124 N.C. App. 629 (1996)]

**5. Appeal and Error § 418 (NCI4th)— abandonment of issue on appeal**

Plaintiffs abandoned the issue of the propriety of summary judgment for defendants on plaintiffs' claim for punitive damages where plaintiffs stated that "it would be an exercise in futility to analyze the trial court's error in allowing the summary judgment," and plaintiffs presented no argument or authority on this issue. N.C. R. App. P. 28.

**Am Jur 2d, Appellate Review § 871.**

Appeal by plaintiffs from orders entered in Wake County Superior Court, being: (1) Judge Donald W. Stephens' order dated 16 November 1994 allowing partial judgment on the pleadings and dismissing all of plaintiffs' claims for compensatory and treble damages and (2) Judge Robert L. Farmer's order entered 24 February 1995 granting summary judgment against the plaintiffs and in favor of all defendants. Defendants cross appeal from Judge Stephens' November 1994 order denying defendants' motion to dismiss pursuant to Rule 12(b)(6) and denying judgment on the pleadings as to the issue of punitive damages. Heard in the Court of Appeals 29 February 1996.

*Wilson & Waller, P.A., by Brian E. Upchurch and Betty S. Waller, for plaintiff-appellant/appellees.*

*Young Moore and Henderson, P.A., by John N. Fountain and R. Christopher Dillon, for defendant-appellee/appellants Joyce W. Holland, Prudential Residential Services and Greater Carolinas Real Estate Services, Inc.*

*Maupin Taylor Ellis & Adams, P.A., by Elizabeth D. Scott, for defendant-appellee/appellants Betty Johnson and George White Realty.*

McGEE, Judge.

In the spring of 1990 plaintiffs, who were in the family care facility business, made an offer to purchase a piece of real property for use as a family care facility. Paragraph 6 of the Offer to Purchase and Contract included a hand-written provision which stated, "B. Property must pass state inspection for family care home guidelines." Paragraph 8 of the Standard Provisions stated, "RECOMMENDATION: Buyer should have any inspections made prior to incurring

expenses for closing." On 4 April 1990, plaintiffs purchased the property for the contract price of $106,900.00. In the process of obtaining approval from the Wake County Department of Health, plaintiffs learned the septic system had previously malfunctioned and that the Department of Health had determined the system was not subject to repair and therefore the property was not suitable for use as a family care facility.

Plaintiffs filed an action against the owners of the property seeking compensatory and punitive damages (Action I). The case went to trial and a unanimous jury rendered a verdict in favor of plaintiffs answering, as follows, "[the owners] fraudulently represent[ed] to the plaintiffs, Phyllis A. Helms and Mary B. Maslak [sic], that all problems with the septic system had been fully corrected and that the septic system was suitable for use as a family care home." Consequently, the jury determined plaintiffs were entitled to recover $22,900.00 by reason of this false representation. Before judgment was entered, the parties reached a settlement, signed a release agreement and plaintiffs filed a voluntary dismissal with prejudice of their action against the owners.

In the spring of 1991, plaintiffs initiated a lawsuit against the owners' real estate agent, Joyce W. Holland (Holland) and the company she represented, Prudential Residential Services and Greater Carolinas Real Estate Services, Inc. d/b/a Prudential Triangle Real Estate (Prudential) for compensatory, treble and punitive damages (Action II). Defendants Holland and Prudential filed an answer and a third-party complaint against plaintiffs' real estate agent, Betty Johnson (Johnson) and the company she represented, George White d/b/a George White Realty (White Realty). On 8 March 1993, plaintiffs filed a voluntary dismissal of this lawsuit without prejudice.

On 3 March 1994, plaintiffs filed this third action against Holland, Prudential, Johnson and White Realty alleging fraud and in the alternative, negligent misrepresentation as well as unfair and deceptive trade practices and punitive damages (Action III). All defendants timely filed responsive pleadings and all moved (1) for dismissal of plaintiffs' complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) and (2) for judgment on the pleadings under N.C. Gen. Stat. § 1A-1, Rule 12(c). Defendants' motions were heard 16 November 1994. Judge Donald Stephens denied defendants' Rule 12(b)(6) motions, allowed the Rule 12(c) motion for judgment on the pleadings as to all claims for compensatory and treble damages, but denied defendants' motions as to plaintiffs' claims for punitive damages.

Following completion of discovery, defendants moved for summary judgment on plaintiffs' remaining claim for punitive damages and on 24 February 1995, Judge Robert Farmer granted defendants' motion for summary judgment. Plaintiffs timely filed a notice of appeal to this Court from the order allowing partial judgment on the pleadings as well as the summary judgment order. Defendants filed a notice of cross-appeal from the denial of defendants' motions for judgment on the pleadings as to the issue of punitive damages.

### Conversion to Summary Judgment

[1] G.S. § 1A-1, Rule 12(c), in part, states that where matters outside the pleadings are received and not excluded by the trial court, a motion for judgment on the pleadings should be treated as a motion for summary judgment and disposed of in the manner and under the conditions set forth in Rule 56 of the North Carolina Rules of Civil Procedure. G.S. § 1A-1, Rule 12(c). Only the pleadings and exhibits which are attached and incorporated into the pleadings may be considered by the trial court. *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). "No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings." *Id.* Included with the pleadings in this case was the 1990 deposition of defendant Holland taken in Action I against the owners of the real property. Additionally, the trial court's order granting partial judgment on the pleadings indicates the court considered "the pleadings in the file and the briefs and arguments of counsel." Because matters outside the pleadings were considered by the court in reaching its decision on the judgment on the pleadings, the motion will be treated as if it were a motion for summary judgment. *Id.*

Having converted defendants' Rule 12(c) judgment on the pleadings into a Rule 56 motion for summary judgment, the question on appeal is whether there is a genuine issue as to a material fact and whether defendants are entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c). This Court must consider the evidence in a light most favorable to the non-moving party, allowing the non-moving party a trial upon a favorable inference as to the facts. *Moye v. Gas Co.*, 40 N.C. App. 310, 314, 252 S.E.2d 837, 841, *disc. review denied*, 297 N.C. 611, 257 S.E.2d 219 (1979). In order to prevail under the summary judgment standard, defendants must demonstrate an essential element of plaintiffs' claim is nonexistent or that plaintiffs are unable to produce evidence which supports an essential element

of their claim. *Clark v. Brown*, 99 N.C. App. 255, 260, 393 S.E.2d 134, 136-37, *temp. stay allowed*, 394 S.E.2d 167, *disc. review denied and stay dissolved*, 327 N.C. 426, 395 S.E.2d 675 (1990). Assuming, *arguendo*, res judicata and the statute of limitations are not bars to this action, we conclude defendants were entitled to summary judgment because plaintiffs failed to support essential elements of the claims of fraud, negligent representation, as well as unfair and deceptive trade practices.

### Fraud

**[2]** As plaintiffs point out, the elements of fraud are well-established: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Carver v. Roberts*, 78 N.C. App. 511, 513, 337 S.E.2d 126, 128 (1985). "A broker who makes fraudulent misrepresentations or *who conceals a material fact* when there is a duty to speak . . . is personally liable to the purchaser notwithstanding that the broker was acting in the capacity of agent for the seller." *Johnson v. Beverly-Hanks & Assoc.*, 328 N.C. 202, 210, 400 S.E.2d 38, 43 (1991) (quoting P. Hetrick & J. McLaughlin, *Webster's Real Estate Law in North Carolina* 132, at 165 (3rd ed. 1988)). However, this duty applies only to "material facts known to the broker and to representations made by the broker." *Clouse v. Gordon*, 115 N.C. App. 500, 508, 445 S.E.2d 428, 432-33 (1994). The record in this case is devoid of any showing that defendants (1) intended to deceive plaintiffs or (2) knew at the time of the sale that the Health Department had already disapproved the property as a family care facility because of the condition of the septic system. While there was evidence the *owners* had received a letter from the Health Department concluding the property was unfit as a family care facility, nothing in the record supports plaintiffs' conclusory statements that *defendants* were also aware of this decision. The evidence in the record indicates the owners advised defendant Holland that the property had experienced septic system problems due to tremendous rain and overuse by teenagers, but these problems had been resolved. However, there is no evidence Holland or any of the other defendants were aware of the Health Department's letter disapproving the property for use as a family care facility.

### Negligent Misrepresentation

**[3]** Plaintiffs' alternative claim for negligent misrepresentation also fails. In *Powell v. Wold*, 88 N.C. App. 61, 67, 362 S.E.2d 796, 799,

(1987), this Court stated North Carolina has adopted the Restatement of Torts definition and requirements for negligent misrepresentation:

> "One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon information if
>
> (a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and
>
> (b) the harm is suffered
>
> (i) by the person or one of the class of persons for whose guidance the information was supplied, and
>
> (ii) because of his *justifiable reliance* upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

*Id.* (quoting Restatement (Second) of Torts § 552 (1977) (emphasis added)). Nothing in the record shows defendants negligently informed plaintiffs about the property. As we have already noted, the evidence indicates the owners never advised their agent, Holland, of the severity of the septic system problems. They simply told Holland the problem had been remedied and this information was communicated to plaintiffs at least by the closing date.

[4] Even assuming, *arguendo*, defendants made intentional or negligent misrepresentations to plaintiffs regarding the property, we conclude that under the circumstances, plaintiffs' reliance upon this information was unreasonable and therefore plaintiffs' claims must fail. Justifiable reliance is an essential element of both fraud and negligent misrepresentation. *C.F.R. Foods, Inc. v. Randolph Development Co.*, 107 N.C. App. 584, 588, 421 S.E.2d 386, 389, *disc. review denied*, 333 N.C. 166, 424 S.E.2d 906 (1992) (stating that a plaintiff's reliance must be reasonable to prove fraud); *APAC-Carolina, Inc. v. Greensboro-High Point Airport Authority*, 110 N.C. App. 664, 680, 431 S.E.2d 508, 517, *disc. review denied*, 335 N.C. 171, 438 S.E.2d 197 (1993) ("Justifiable reliance is an element of negligent misrepresentation in North Carolina.")

The Offer to Purchase and Contract specifically contained a hand-written provision stating the "[p]roperty must pass the state inspection for family care home guidelines." One of the standard con-

tract provisions included the recommendation that the "buyer should have any inspections made prior to incurring expenses for closing." We note plaintiffs were already in the business of operating family care facilities and were familiar with the regulations governing such homes. Had plaintiffs complied with the state inspection provision which *they* added to the Offer to Purchase and Contract, the septic system deficiencies would have been revealed. Under these facts, we cannot conclude that plaintiffs would have been justified in relying upon a fraudulent or negligent misrepresentation of defendants as to this issue. *See APAC*, 110 N.C. App. at 681-82, 431 S.E.2d at 518 (concluding reliance was unjustified where the contract placed upon plaintiffs the burden of a full inspection and the evidence indicated the inspection would have revealed the problem of undercut work); *C.F.R. Foods, Inc.*, 107 N.C. App. at 588-89, 421 S.E.2d at 389 (Plaintiff's reliance was unreasonable where plaintiff requested and received a topographical map which served to put plaintiff on notice that further inspection of the soil was advisable before beginning construction.) For the foregoing reasons, plaintiffs' assignments of error as to fraudulent and negligent misrepresentation are overruled.

Based on our review of the record, we find plaintiffs' claim for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 is without merit and we overrule this assignment of error.

[5] Plaintiffs' final argument is that the trial court erred in allowing defendants' motion for summary judgment on the issue of punitive damages. However, plaintiffs' statement that "it would be an exercise in futility to analyze the trial court's error in allowing the summary judgment" coupled with the absence of an argument or authority on the question of the propriety of the summary judgment motion cause us to conclude this issue has been abandoned pursuant to Rule 28 of the North Carolina Rules of Appellate Procedure.

Because of our decision on plaintiffs' appeal, we need not address defendants' cross appeal in this matter.

Based on the foregoing, we affirm the orders of the trial court.

AFFIRMED.

Judges JOHNSON and MARTIN, JOHN C. concur.

Judge Johnson participated in this opinion prior to his retirement on 1 December 1996.