CAROLYN DAVIS, Plaintiff v. DURHAM MENTAL HEALTH/DEVELOPMENT DISABILITIES/SUBSTANCE ABUSE AREA AUTHORITY d/b/a THE DURHAM CENTER, ET. AL., Defendant

No. COA03-1035

(Filed 6 July 2004)

**1. Pleadings— judgment on—outside evidence**

There was no error where the trial court heard but did not consider matters outside the pleadings before entering a judgment on the pleadings. Plaintiff initiated the introduction of evidence and may not now complain of the action she began. Moreover, receiving but not relying on evidence does not convert a motion for a judgment on the pleadings into a motion for summary judgment.

**2. Open Meetings— judgment on pleadings—no issue of fact**

The trial court did not err by granting defendant's motion for judgment on the pleadings on an Open Meetings claim arising from an employment decision. Taking plaintiff's allegations as true, no genuine issues of fact exist. Defendant properly entered a closed session and plaintiff's request that she be appointed to the position was beyond the court's authority under the Open Meetings Law.

**3. Pleadings— sanctions—improper purpose of action**

The trial court's order imposing Rule 11 sanctions following a dismissal on the pleadings was affirmed. The evidence supports findings that plaintiff was present when the alleged violations of the Open Meetings Law occurred, that she had a duty to inform the Board if it was acting improperly, and that plaintiff intentionally remained silent. The evidence further supports the conclu-

sion that plaintiff filed this action not to vindicate her rights, but in retaliation for defendant's actions and to gain leverage in settlement negotiations.

### 4. Pleadings— sanctions—attorney fees—government attorney

The trial court did not abuse its discretion by awarding attorney fees and costs to defendant as a Rule 11 sanction following a judgment on the pleadings for defendant in an Open Meetings case. Plaintiff produced no case law or evidence to support the contention that the court should have based the fee on actual costs for the county attorney rather than the reasonable rate for a private attorney.

### 5. Pleadings— sanctions—attorney fees—reduction of award

The trial court did not abuse its discretion by reducing an award of attorney fees that had been imposed as a sanction.

Appeal by plaintiff from order and judgment entered 15 August 2002 and judgement and order entered 16 September 2002 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Cross-appeal by defendant from judgment and order entered 16 September 2002 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 19 May 2004.

*Frasier & Alston, P.A., by Kären Frasier Alston, for plaintiff-appellant/cross-appellee.*

*Office of the Durham County Attorney, by Assistant County Attorney Curtis Massey, for defendant-appellee/cross-appellant.*

TYSON, Judge.

Carolyn Davis ("plaintiff") appeals from the trial court's judgments and orders granting the Durham County Mental Health, Developmental Disabilities, Substance Abuse Services Area Authority's ("defendant") motions for judgment on the pleadings and sanctions. Defendant cross-appeals the trial court's judgment and order modifying its earlier award of sanctions. We affirm.

### I. Background

. Plaintiff was employed by defendant and had served as Deputy Area Director since 8 July 1985. In January 2002, Dr. Steven Ashby ("Dr. Ashby") announced his resignation as defendant's Area Director.

DAVIS v. DURHAM MENTAL HEALTH/DEV. DISABILITIES AREA AUTH.

[165 N.C. App. 100 (2004)]

Plaintiff contacted members of the Personnel Committee of the defendant's Board of Directors ("the Board") and expressed her desire to serve as Interim Area Director. The Board is composed of volunteers, organized under N.C. Gen. Stat. § 122C-118, sets policy for defendant, and hires the Area Director. The Area Director and staff, including plaintiff, keep the Board informed of controlling law and policy. The Personnel Committee met with plaintiff on 12 February 2002. Plaintiff requested an annual salary of $90,183. The parties failed to reach a salary agreement.

The Board met again on 18 February 2002. Plaintiff was present at the meeting and spoke with the Board in closed session. The Board informed plaintiff it was not going to appoint her as Interim Area Director and that it would consider other candidates. Once the open session resumed, the Board announced it would open the search for an Interim Area Director.

The Board scheduled a budget retreat for 21 February 2002. Due to Dr. Ashby's absence, plaintiff attended as acting Area Director. During a break, Chairman Harold Babtiste ("Babtiste") announced that he wished to speak with other Board members to discuss three candidates for the Interim Area Director position. While the Board met in closed session, plaintiff told defendant's other staff personnel she thought the Board members were violating the Open Meetings Law. Plaintiff neither advised Babtiste nor any other Board members of her belief or how to properly move into closed session at that time.

Plaintiff also alleged defendant held other improper closed meetings concerning the selection of an Interim Area Director. In an open meeting on 4 March 2002, the Board moved to enter into a closed session to interview three candidates for the position. The Board remained in closed session until 11 March 2002 to continue its discussion of the selection and hiring of an Interim Area Director. On 11 March 2002, the Board remained in closed session until 18 March 2002 and continued discussions related to personnel issues. On 18 March 2002, the Board met in a closed session to re-interview two candidates and then returned to an open session. Plaintiff was present at all these meetings and never communicated her belief that the Board was acting in violation of the Open Meetings Law.

Defendant appointed Ellen Holliman ("Holliman") to the position of Interim Area Director in open session meetings held on 18 March 2002 and on 1 April 2002. On 2 May 2002, plaintiff filed a verified complaint and alleged defendant violated the Open Meetings Law, N.C.

Gen. Stat. § 143-318.9 *et. seq.*, in selecting the Interim Area Director. Plaintiff prayed the court to declare the selection and hiring of Holliman "null and void." On 2 August 2002, plaintiff filed another civil action (02 CVS 3232) against defendant and others regarding their failure to appoint her to the position of Interim Area Director. Plaintiff also initiated two contested case hearings with the Office of Administrative Hearings.

Defendant answered on 15 July 2002 and moved for a judgment on the pleadings and for sanctions on 2 August 2002. The trial court granted these motions in defendant's favor. and ordered plaintiff to pay $10,563.40 in costs, including reasonable attorney's fees, as a sanction for initiating her lawsuit for an improper purpose. Plaintiff moved for relief from judgment. The trial court entered a judgment modifying its earlier award and ordered plaintiff to pay $5,000.00 for attorney's fees and $617.15 for costs incurred. Both plaintiff and defendant appeal.

## II. Issues

The issues presented are whether the trial court erred in: (1) granting defendant's motion for judgment on the pleadings; (2) granting defendant's motion for sanctions; (3) awarding defendant attorney's fees and costs; and (4) granting plaintiff partial relief from judgment.

## III. Judgment on the Pleadings

Plaintiff contends the trial court erred in granting defendant's motion for judgment on the pleadings because: (1) the court heard matters outside the pleadings, and plaintiff was not given any notice to prepare for a summary judgment hearing; and (2) defendant was not entitled to judgment on the pleadings as a matter of law when genuine issues of material fact exist.

### A. Conversion to Motion for Summary Judgment

[1] Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given rea-

sonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(c) (2003). The trial court may consider, "[o]nly the pleadings and exhibits which are attached and incorporated into the pleadings" in ruling on the motion. *Helms v. Holland*, 124 N.C. App. 629, 633, 478 S.E.2d 513, 516 (1996) (citing *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. rev. denied*, 312 N.C. 495, 322 S.E.2d 558 (1984)). " 'No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings.' " *Helms*, 124 N.C. App. at 633, 478 S.E.2d at 516 (quoting *Minor*, 70 N.C. App. at 78, 318 S.E.2d at 867). When the trial court considers matters outside the pleadings during the hearing on the judgment on the pleadings, the motion will be treated as a motion for summary judgment. *Helms*, 124 N.C. App. at 633, 478 S.E.2d at 516. " 'Memoranda of points and authorities as well as briefs and oral arguments . . . are not considered matters outside the pleading for purposes' of converting a Rule 12 motion into a Rule 56 motion [for summary judgment]." *Privette v. University of North Carolina*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1366 at 682 (1969)).

Here, the trial court heard, but did not consider, matters outside the pleadings. Defendant mentioned other actions between the parties and presented documents during its argument to the court regarding its motion for sanctions pursuant to Rule 11. In doing so, defendant only referred to other actions and did not seek to admit any evidence. Defendant did not offer any evidence or materials to the trial court for consideration of its motion for judgment on the pleadings. Plaintiff, however, requested the court to consider *several* matters outside the pleadings including plaintiff's job description, minutes from the Board's meeting, and the Board's policies and procedures. Defendant objected each time plaintiff delivered this information to the judge and argued the consideration of such material was improper on a motion for judgment on the pleadings.

Plaintiff requested the trial court to consider matters outside the pleadings by presenting at least three documents to the judge. By initiating the introduction of evidence, plaintiff "may not complain of action which [s]he induced." *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994) (citations omitted). Her argument that she was not afforded a reasonable opportunity to prepare and present evidence for summary judgment has no merit.

**DAVIS v. DURHAM MENTAL HEALTH/DEV. DISABILITIES AREA AUTH.**

[165 N.C. App. 100 (2004)]

Although the court received this evidence, the order clearly states, "Based upon the pleadings and the arguments of counsel, the Court finds that Defendant is entitled to entry of a judgment in its favor based on the pleadings." Merely receiving evidence, without considering or relying on it, does not convert a motion for judgment on the pleadings into a motion for summary judgment. *See Privette*, 96 N.C. App. at 132, 385 S.E.2d at 189 (Although matters outside the pleadings were introduced, "[t]he trial court specifically stated in its order that for the purposes of the Rule 12 motion, it considered only the amended complaint, memoranda submitted on behalf of the parties and arguments of counsel."). This assignment of error is overruled.

### B.  Genuine Issues of Material Fact

[2] Plaintiff contends the trial court erred in granting defendant's motion for judgment on the pleadings because genuine issues of material fact exist. We disagree.

> Pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure, a court may dispose of claims or defenses when the lack of merit of the claim or defense is apparent upon review of the pleadings. The granting of judgment on the pleadings is proper when there does not exist a genuine issue of material fact, and the only issues to be resolved are issues of law. In reviewing a motion for judgment on the pleadings, the court must consider the evidence in the light most favorable to the non-moving party, accepting as true the factual allegations as pled by the non-moving party.

*Jackson v. Associated Scaffolders & Equip. Co.*, 152 N.C. App. 687, 689, 568 S.E.2d 666, 667 (2002) (citations omitted).

Meetings of governmental bodies must be conducted in accordance with Chapter 143 of our North Carolina General Statutes, including Article 33C regarding Meetings of Public Bodies ("Open Meetings Law"). N.C. Gen. Stat. § 115C-4 (2003). The Open Meetings Law provides, in part, "the public bodies that administer the legislative, policy-making, quasi-judicial, administrative, and advisory functions of North Carolina and its political subdivisions exist solely to conduct the people's business, it is the public policy of North Carolina that the hearings, deliberations, and actions of these bodies be conducted openly." N.C. Gen. Stat. § 143-318.9 (2003). Closed sessions are permitted for specified purposes, including:

(5)  To establish, or to instruct the public body's staff or negotiating agents concerning the position to be taken by or on behalf of the public body in negotiating . . . (ii) the amount of compensation and other material terms of an employment contract or proposed employment contract.

(6) To consider the qualifications, competence, performance, character, fitness, conditions of appointment, or conditions of initial employment of an individual public officer or employee or prospective public officer or employee; or to hear or investigate a complaint, charge, or grievance by or against an individual public officer or employee. General personnel policy issues may not be considered in a closed session. A public body may not consider the qualifications, competence, performance, character, fitness, appointment, or removal of a member of the public body or another body and may not consider or fill a vacancy among its own membership except in an open meeting. Final action making an appointment or discharge or removal by a public body having final authority for the appointment or discharge or removal shall be taken in an open meeting.

N.C. Gen. Stat. § 143-318.11(a) (2003). The statute further provides, "[a] public body may hold a closed session only upon a motion duly made and adopted at an open meeting. Every motion to close a meeting shall cite one or more of the permissible purposes listed in subsection (a) of this section." N.C. Gen. Stat. § 143-318.11(c) (2003).

Here, plaintiff's complaint alleges defendant violated the Open Meetings Law, specifically N.C. Gen. Stat. § 143-318.11, when the Board failed to properly move into closed session on 21 February 2002, 4 March 2002, 11 March 2002, and 18 March 2002. Her complaint indicates otherwise and states:

27.  On March 4, 2002, the Area Authority Board made a motion in open session to enter into closed session pursuant to North Carolina General Statutes § 143-318.11(a)(6) reportedly to interview three candidates for the position of Interim Area Director. The Board was remaining [sic] in closed session until March 11, 2002, to continue discussion of the general personnel policy for the selection and hiring of an Interim Area Director.

28.  On March 11, 2002[,] the Area Authority Board met in continued closed session to discuss personnel issues related to hiring an Interim Area Director. The Board stated that it was remaining

in closed session until the March 18, 2002[,] regular Area Authority Board meeting.

. . . .

31. [The March 18, 2002,] Board Meeting returned to Open Session. Printed ballots were distributed after a motion was made, but not carried, to select the Interim Area Director by a show of hands. The Board announced the selection of Ellen Holliman as Interim Area Director and that the contract for her employment would be negotiated in the future.

Despite plaintiff's assertion that the Board improperly entered closed session on 21 February 2002, her complaint alleges that the Board *properly* entered closed sessions on 4 March 2002, 11 March 2002, and 18 March 2002 and selected Holliman to serve as Interim Area Director during open meetings held on 18 March 2002 and 1 April 2002.

Plaintiff's complaint requested the trial court to issue a declaratory judgment and prayed the court: (1) determine that the selection of Holliman was made wrongfully during closed session; (2) declare the selection of Holliman "null and void;" (3) declare that defendant wrongfully failed to appoint plaintiff to the position of Interim Area Director; (4) declare the appointment of Holliman to the position of Interim Area Director "to be a nullity;" and (5) award plaintiff costs and attorney's fees.

Reviewing plaintiff's allegations and prayers for relief as stated in her complaint, we hold that the trial court did not err in granting defendant's motion for judgment on the pleadings. Taking plaintiff's allegations as true, no genuine issue of material fact exists. The only issue presented to the trial court was a question of law: whether defendant violated the Open Meetings Law. The Board properly entered a closed session on 4 March 2002 and continued this closed session on 11 March 2002 and 18 March 2002 to evaluate and consider a prospective employee's qualifications. *See* N.C. Gen. Stat. § 143-318.11(a)(6). Plaintiff's complaint alleges that the appointment of Holliman and the approval of her contract took place in open meetings on 18 March 2002 and 1 April 2002. Defendant did not violate the Open Meetings Law to warrant Holliman's appointment to be declared "null and void" or "a nullity."

Further, plaintiff's complaint does not state a claim upon which the requested relief can be granted. The trial court properly con-

cluded that it lacked the authority under the Open Meetings Law to order defendant to appoint her to the position as Interim Area Director. This assignment of error is overruled.

## IV. Motion for Sanctions

[3] Plaintiff argues the trial court erred in concluding that she initiated her action for an improper purpose when N.C. Gen. Stat. § 143-318.16A(a) specifically allows any person to institute a suit for a declaratory judgment.

We review a trial court's decision to impose sanctions pursuant to Rule 11 *de novo* and must determine: "(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). "If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a)." *Id.*

Under Rule 11 of our North Carolina Rules of Civil Procedure, when a complaint is filed, "the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, 'or a good faith argument for the extension, modification, or reversal of existing law' (legal sufficiency); and (3) not interposed for any improper purpose." *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992). "Parties, as well as attorneys, may be subject to sanctions for violations of the improper purpose prong of Rule 11. Further, both are subject to an objective standard to determine the existence of such an improper purpose." *Id.* at 656, 412 S.E.2d at 332 (citing *Turner*, 325 N.C. at 164, 381 S.E.2d at 713).

"An improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Brown v. Hurley*, 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) (quoting *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992) (quoting Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 13(C) (Supp. 1992))).

In other words, a party "will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents or cause them unnecessary cost or delay." An objective standard is

used to determine the existence of an improper purpose, with the burden on the movant to prove such improper purpose.

*Brown,* 124 N.C. App. at 382, 477 S.E.2d at 238 (quoting *Bryson,* 330 N.C. at 663, 412 S.E.2d at 337).

Plaintiff contends she filed her complaint for a proper purpose and denies that she instituted this action in retaliation for defendant's failure to appoint her as the Interim Area Director. Her complaint alleges defendant violated the Open Meetings Law. The trial court found that she was present at meetings where she believed violations of the Open Meetings Law occurred and had a duty to inform the Board if it was not acting properly. Instead of performing this duty, she discussed the alleged violations with other staff members and not Board Members while the Board continued to meet in closed sessions.

The evidence supports the trial court's findings. Plaintiff's deposition clearly shows that she intentionally remained silent, despite her duty to inform the Board of proper procedures. After Holliman was appointed, plaintiff filed this action seeking to have the selection of Holliman declared "a nullity" due to the violations of the Open Meetings Law. Her complaint shows Holliman was appointed as Interim Area Director in open sessions. The complaint requested the trial court rule that Holliman be removed and plaintiff be appointed to the position. Following the filing of the case at bar, plaintiff filed an additional action in Superior Court and two actions with the Office of Administrative Hearings.

Plaintiff's action is neither well-grounded in fact nor warranted by existing law. *See Bryson,* 330 N.C. at 655, 412 S.E.2d at 332. Further, the trial court did not err in concluding that she filed this action for an improper purpose. The trial court found plaintiff instituted this action in retaliation for defendant's failure to appoint her as Interim Area Director and for leverage in obtaining a settlement from defendant for her other personnel actions. The evidence shows that plaintiff filed this action after defendant appointed another individual as Interim Area Director. Plaintiff's complaint alleged violations that plaintiff could have prevented pursuant to her duties as Deputy Area Director. She willfully failed to inform the Board regarding its potential violations under the Open Meetings Law. Plaintiff filed suit alleging such violations and seeking to overturn decisions that plaintiff *admits* were made in *open* meetings. The evidence supports the trial court's conclusion that plaintiff filed her action not to "vindicate her

rights," but in retaliation for defendant's actions and in order to gain leverage in settlement negotiations. *Brown*, 124 N.C. App. at 382, 477 S.E.2d at 689.

Sufficient evidence supports the trial court's findings of fact, and the findings of fact support its conclusions of law. *See Turner*, 325 N.C. at 165, 381 S.E.2d at 714. Further, these conclusions support the trial court's decision to impose sanctions on plaintiff. *Id.* We affirm the trial court's order granting defendant's motion for sanctions. This assignment of error is overruled.

### V. Attorney's Fees and Costs

[4] Plaintiff argues the trial court abused its discretion in awarding attorney's fees and costs to defendant. We disagree.

Rule 11 of the North Carolina Rules of Civil Procedure states:

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2003). "[I]n reviewing the appropriateness of the particular sanction imposed, an 'abuse of discretion' standard is proper because '[t]he rule's provision that the court 'shall impose' sanctions for motions abuses . . . concentrates [the court's] discretion on the *selection* of an appropriate sanction rather than on the *decision* to impose sanctions.' " Turner, 325 N.C. at 165, 381 S.E.2d at 714 (emphasis in original) (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir.)).

Here, the trial court ordered plaintiff to pay reasonable attorney's fees of $9,945.25 and $617.15 for costs of deposing plaintiff. Plaintiff argues the imposition of sanctions is unsupported by the evidence because the judgment on the pleadings should not have been granted. We have already held the trial court did not err in granting the judgment on the pleadings or in its decision to impose sanctions.

Plaintiff also argues that the trial court erred in calculating its award by using a reasonable rate for a private attorney and, instead, should have awarded fees based on actual costs for the County attorney. Plaintiff cites no case law and identifies no evidence

in the record to support this contention. We hold that plaintiff has failed to show the trial court abused its discretion by ordering her to pay attorney's fees and costs as sanctions. This assignment of error is overruled.

## VI.  Relief from Judgment

**[5]** Defendant cross-appeals and argues the trial court erred in modifying its order for sanctions and reducing its award of attorney's fees because no competent evidence exists in the record to support the findings of fact or conclusions of law.

Rule 60(b) of the North Carolina Rules of Civil Procedure provides, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) Any other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2003). "Rule 60(b) has been described as a grand reservoir of equitable power to do justice in a particular case. Relief afforded under N.C. Gen. Stat. § 1A-1, Rule 60(b) is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion." *Branch Banking & Trust Co. v. Tucker*, 131 N.C. App. 132, 137, 505 S.E.2d 179, 182 (1998) (quotations and citations omitted).

"Courts have the power to vacate judgments when such action is appropriate, yet they should not do so under Rule 60(b)(6) except in extraordinary circumstances and after a showing that justice demands it." *Equipment Co. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E.2d 499, 501 (1978). Defendant argues the trial court did not find "extraordinary circumstances" or a "showing that justice demands" the relief sought. *Id. Equipment Co.*, however, is distinguishable from the case at bar. Here, the trial court did not *vacate* a judgment or enter a dismissal or default. The trial court *modified* its award of attorney's fees, which it had ordered, in its discretion, as a sanction under Rule 11.

Defendant contends the trial court's findings of fact are unsupported by the evidence. "The record does not contain the oral testimony; therefore, the court's findings of fact are presumed to be supported by competent evidence." *Fellows v. Fellows*, 27 N.C. App. 407, 408, 219 S.E.2d 285, 286 (1975) (citing *Christie v. Powell*, 15 N.C. App. 508, 190 S.E.2d 367 (1972), *cert. denied*, 281 N.C. 756, 191 S.E.2d 361)); *see also Dolbow v. Holland Industrial*, 64 N.C. App. 695, 696,

308 S.E.2d 335, 336 (1984), *disc. rev. denied*, 310 N.C. 308, 312 S.E.2d 651 (1984) ("We are hampered in our review of defendants' first contention, however, because defendants have included no transcript or narration of the evidence upon which this Court can fully review this assignment of error. The burden is on an appealing party to show, by presenting a full and complete record, that the record is lacking in evidence to support the [trial court's] findings of fact."). As defendant failed to include a narration of the evidence or a transcript with the record, we presume the findings at bar are supported by competent evidence. *Fellows*, 27 N.C. App. at 408, 219 S.E.2d at 286.

Here, plaintiff moved for relief from the trial court's earlier order and judgment imposing sanctions because she was "unemployed as a result of this lawsuit," "the payment of sanctions would be an undue hardship," "to assess sanctions against plaintiff would 'chill' future plaintiffs from challenging the Open Meetings Laws," and "ordering sanctions against plaintiff for holding public bodies accountable is inconsistent with the public policy [of North Carolina] . . . ." In ruling on plaintiff's motion, the trial court considered "plaintiff's new terminated employment status, together with a news article concerning the reduced costs for the County to have matters litigated." Defendant argues the trial court erred in relying on a news article to find that the attorney's fees awarded to defendant were excessive. Defendant failed to include a copy of the news article in the record, which precludes our review of this argument. *See Fellows*, 27 N.C. App. at 408, 219 S.E.2d at 286.

The trial court's findings are sufficient to support its conclusion that "it is reasonable for the sanctions imposed against plaintiff be reduced to $5,000 for attorney's fees." Defendant has failed to show that the trial court abused its discretion in reducing the amount of attorney's fees from $10,562.40 to $5,617.15 following plaintiff's termination from her employment. This assignment of error is overruled.

## VII. Conclusion

The trial court did not err in entering a judgment on the pleadings for defendant. Plaintiff failed to establish that defendant violated the Open Meetings Law when it appointed Holliman as Interim Area Director. The trial court did not err in sanctioning plaintiff pursuant to Rule 11 of the North Carolina Rules of Civil Procedure and did not abuse its discretion in ordering plaintiff to pay attorney's fees and costs. Defendant failed to show the trial court abused its discretion in modifying this judgment and order following plaintiff's termination

from employment. The judgments and orders entered by the trial court are affirmed.

Affirmed.

Judges McGEE and TIMMONS-GOODSON concur.