Willard v. Barger, 2019 NCBC 42.

STATE OF NORTH CAROLINA

DAVIE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 182

CHARLES WILLARD and TRACY
BARNES BLIMP WORKS, LLC,

Plaintiffs,

v.

WILLIAM BARGER, individually;
WILLIAM BARGER AS EXECUTOR
OF THE ESTATE OF TRACY
BARNES; and BLIMP WORKS, INC.,

Defendants.

**ORDER AND OPINION ON
PLAINTIFF CHARLES WILLARD'S
MOTION TO DISMISS OR FOR
JUDGMENT ON THE PLEADINGS AS
TO THE FOURTH DEFENSE IN
DEFENDANTS' ANSWER AND
COUNTERCLAIM**

1.    **THIS MATTER** is before the Court upon Plaintiff Charles Willard's ("Willard") Motion to Dismiss or for Judgment on the Pleadings as to the Fourth Defense in Defendants' Answer and Counterclaim (the "Motion") in the above-captioned case.

2.    The Court, having considered the Motion, the briefs in support of and in opposition to the Motion, and the arguments of counsel at the July 11, 2019 telephone hearing on the Motion, hereby **GRANTS** the Motion.

*Fitzgerald Litigation, by Andrew L. Fitzgerald, D. Stuart Punger, and Lee D. Denton, for Plaintiff Charles Willard.*

*Bennett Guthrie Latham, PLLC, by Jasmine M. Pitt, for Plaintiff Tracy Barnes Blimp Works, LLC.*

*Eisele Ashburn Green & Chapman, PA, by Douglas G. Eisele, for Defendants William Barger, individually and as Executor of the Estate of Tracy Barnes, and Blimp Works, Inc.*

Bledsoe, Chief Judge.

I.

BACKGROUND

3. The Court does not make findings of fact on motions for judgment on the pleadings under North Carolina Rule of Civil Procedure 12(c).[1] *See Erickson v. Starling*, 235 N.C. 643, 657, 71 S.E.2d 384, 394 (1952). Rather, the Court recites only those allegations in the pleadings that are relevant and necessary to the Court's determination of the Motion. Here, those pleadings are (i) Willard and Plaintiff Tracy Barnes Blimp Works, LLC's ("TBBW" and, together with Willard, "Plaintiffs") Complaint, (Compl., ECF No. 3); and (ii) Defendants William Barger ("Barger"), individually and as Executor of the Estate of Tracy Barnes (the "Estate" or "Barnes"), and Blimp Works, Inc.'s ("BW") (together, "Defendants") Answer and Counterclaims, (Answer & Countercls., ECF No. 6).

4. Plaintiffs initiated this action against Defendants on April 1, 2019, alleging claims arising out of various dealings between and among Barnes, Willard, Barger, TBBW, and BW. Plaintiffs aver that Barnes and Willard formed TBBW in 2012. (Compl. ¶ 3.) According to Plaintiffs, "Barnes and Willard agreed that over time Willard would acquire an increased ownership interest in TBBW, to culminate during Barnes's life in Willard owning 60% of TBBW by 2018. The parties agreed that Willard would own 100% of TBBW when Barnes died." (Compl. ¶ 4.) It appears, however, that Willard and Barnes had a "falling out" in March 2018, which, according to Plaintiffs, culminated with Barnes "attempt[ing] to fire Willard." (Compl. ¶¶ 14–

---

[1] As discussed below, the Court considers the Motion under Rule 12(c).

15.) Thereafter, Plaintiffs allege that Willard "decided to begin working from home to avoid any further conflict." (Compl. ¶ 16.) At that time, Barger was an employee of TBBW with management authority. (Compl. ¶ 19.)

5. According to Plaintiffs, Willard "attempted to negotiate a buyout to allow Barnes and/or Barger to continue operating TBBW," but "[i]nstead of negotiating a buyout or allowing the continuing operations of TBBW with Willard earning 60% of the profits, Barnes and Barger decided to transfer the assets of TBBW to BW[.]" (Compl. ¶¶ 20–21.) In particular, Plaintiffs assert that "Barnes and Barger transferred the bank accounts, accounts receivable, customer lists, physical assets, leases, goodwill and potentially other assets from TBBW to BW." (Compl. ¶ 22.) Plaintiffs allege that neither TBBW nor Willard received consideration for the transfer of TBBW's assets and that "Barnes and Barger lacked authority to make any such transfer[.]" (Compl. ¶¶ 23–25.) Based on this alleged conduct, each Plaintiff brings a separate fraudulent conveyance claim against Barger, Barnes and BW, (Compl. ¶¶ 33–49,), and together seek a judicial declaration that the alleged transfer of TBBW's assets was fraudulent. (Compl. ¶¶ 50–56.)

6. On April 16, 2019, Defendants filed their Answer and Counterclaims, which included a defense titled "Offer to Deliver TBBW Assets to Willard" (the "Fourth Defense"). The Fourth Defense provides, in its entirety, as follows:

1. After Barnes's death on January 20, 2019, an attorney representing herself to be the attorney for Willard contacted the attorney for Barger making demands against the assets of TBBW.

2. Barger's attorney wrote Willard's attorney a letter to which were attached the recent federal income tax returns for TBBW through 2017 and a projected loss for 2018 exceeding $100,000.

3. The tax returns and the projected operating losses for 2018 showed that TBBW was hopelessly insolvent.

4. The letter of Barger's counsel to Willard's counsel invited Willard to participate in the discovery and valuation of all TBBW assets. The letter further described that the value of those assets so determined "should be paid over to Mr. Willard".

5. Neither Barger, his attorney, nor the Estate of Barnes ever received a reply to the letter wherein all the assets of TBBW were offered to Willard.

6. Defendants' offer to deliver to Willard all of the assets of TBBW which he contends were fraudulently converted by Barnes or Barger renders moot any contention that those assets have been fraudulently transferred.

(Answer and Countercls., 16–17.)[2]

7. On June 3, 2019, after the close of pleadings, Willard filed the Motion under Rules 12(b)(6) and 12(c), arguing that the Fourth Defense should be dismissed as a matter of law. After full briefing, the Court held a telephone hearing on the Motion on July 11, 2019, at which all parties were represented by counsel. The Motion is now ripe for resolution.

II.

LEGAL STANDARD

8. As an initial matter, Willard brings the Motion under both Rule 12(b)(6) and Rule 12(c) of the North Carolina Rules of Civil Procedure. A motion under Rule

---

[2] With permission of the Court, Defendants filed an "Amendment to Answer and Counterclaim" ("Amendment") on May 30, 2019. (Amendment Answer & Countercl., ECF No. 25.) The Amendment asserted a conversion counterclaim by BW against Willard and did not amend or affect Defendants' previously asserted defenses, including the Fourth Defense.

12(b)(6), however, tests the sufficiency of a claim, not a defense. Hence, Rule 12(b)(6) will not afford Willard the relief he seeks. *See, e.g.*, *Campmed Cas. & Indem. Co. v. Specialists on Call, Inc.*, No. 4:16-CV-00452, 2017 U.S. Dist. LEXIS 10604, at *7 (E.D. Tex. Jan. 26, 2017) ("A Rule 12(b)(6) motion is not proper to dismiss a defendant's affirmative defense.").[3] However, a legal defense may properly be challenged under Rule 12(c). *See* N.C. R. Civ. P. 12(h)(2)) ("[A]n objection of failure to state a legal defense to a claim may be made . . . by motion for judgment on the pleadings[.]"). Accordingly, the Court will consider Willard's Motion challenging the Fourth Defense under the standards of Rule 12(c).[4]

9. Under Rule 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." N.C. R. Civ. P. 12(c). Rule 12(c)'s "function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). "A motion for judgment on the pleadings is the

---

[3] Because "[t]he North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules[,]" "[d]ecisions under the federal rules are . . . pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules." *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989).

[4] Rule 12(c) is not the only procedure by which the sufficiency of a defense may be challenged. As explained by one commentator, "[a] motion to strike under Rule 12(f) is also a device for testing the sufficiency of defenses raised in a responsive pleading. The requirements for pleading an affirmative defense are no more stringent than those for asserting a claim for relief, and in this capacity, Rule 12(f) is an analogue of Rule 12(b)(6) since the same tests apply." 1 G. Gray Wilson, *North Carolina Civil Procedure* § 12-16 (2018); *see also, e.g.*, *Aaron v. Martin*, No. 4:11CV1661, 2013 U.S. Dist. LEXIS 16817, at *4 (E.D. Mo. Feb. 7, 2013) (noting that the federal rules "provide two ways for a party to challenge the sufficiency of an affirmative defense: a motion for judgment on the pleadings under Rule 12(c), or a motion to strike under Rule 12(f)"); 5C C. Wright & A. Miller, *Federal Practice and Procedure*, § 1380 (3d ed. 2004) (stating that Rule 12(f) is the "primary procedure for objecting to an insufficient defense").

proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Id.* When ruling on a motion for judgment on the pleadings, the Court must "view the facts and permissible inferences in the light most favorable to the nonmoving party," *id.*, and may consider "only the pleadings and exhibits which are attached and incorporated into the pleadings[,]" *Davis v. Durham Mental Health/Dev. Disabilities/Substance Abuse Area Auth.*, 165 N.C. App. 100, 104, 598 S.E.2d 237, 240 (2004). "All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499. "When the pleadings do not resolve all the factual issues, judgment on the pleadings is generally inappropriate." *Id.*

## III.

## ANALYSIS

10. Willard argues that the Fourth Defense should be dismissed because Defendants' offer to tender to Willard the current assets of TBBW has no bearing on Plaintiffs' claims for fraudulent conveyance of the assets TBBW formerly held. The Court agrees.

11. Defendants' Fourth Defense posits that because Defendants offered to tender to Willard all of the assets that TBBW held as of March 1, 2019, Defendants cannot have liability for any fraudulent conveyances that occurred prior to that date. Defendants' Fourth Defense, however, misses the point. Plaintiffs' fraudulent conveyance claims do not seek to recover TBBW's current assets—i.e., the assets that

Defendants offered to Willard. Rather, Plaintiffs seek to recover from Defendants any assets that TBBW previously possessed but which were fraudulently conveyed from TBBW without adequate consideration. The Fourth Defense does not address those assets, and those are the assets that are the subject of Plaintiffs' claims.

12. Based on the foregoing, and viewing the factual allegations in the Complaint and the Answer and the permissible inferences arising therefrom in the light most favorable to Defendants, the Court concludes that Defendants' Fourth Defense does not state a valid legal defense as pleaded and must be dismissed as a matter of law.

IV.

CONCLUSION

13. **WHEREFORE**, for the foregoing reasons, the Court hereby **GRANTS** Plaintiff Charles Willard's Motion to Dismiss or for Judgment on the Pleadings as to the Fourth Defense in the Answer and Counterclaim and hereby **DISMISSES** the Fourth Defense.

**SO ORDERED**, this the 12th day of July, 2019.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge